

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

April 20, 2023

**By Email and ECF**
Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl St., Rm. 1620
New York, NY 10007-1312

    Re: **Securities and Exchange Commission v. Charlie Javice, et al., 23-cv-02795-LJL**

Dear Judge Liman:

    Pursuant to the Court's Individual Practice Rule 2.H.ii., Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this letter motion to (i) file under seal the complete Waiver of the Service of Summons forms ("Waiver Forms") returned by currently unrepresented Relief Defendants Charlie Javice Irrevocable Trust #1 and Charlie Javice Irrevocable Trust #2 (collectively the "Javice Trusts"), and (ii) file versions of those Waiver Forms that redact the personal email address and phone number of Defendant Charlie Javice ("Javice"). The Commission seeks this relief based on discussions with Javice's counsel, who seek to protect Javice's personal contact information for privacy reasons and therefore consent to this request. For the reasons set forth below, the proposed redactions comply with the applicable law in this Circuit.

I.    Relevant Procedural History

    On April 4, 2023, the Commission filed its Complaint against Javice and named the Javice Trusts as relief defendants. On April 5, 2023, pursuant to Federal Rule of Civil Procedure 4(d), the Commission provided Javice's counsel with: requests to waive personal service of the Summonses; the Waiver Forms; the Complaint; and a copy of the Court's Individual Practices. Javice's counsel informed the Commission that they would sign a Waiver Form on behalf of Javice but that Javice herself would sign Waiver Forms on behalf of the Javice Trusts, which her counsel do not represent. No attorney has yet appeared in this action on the Javice Trusts' behalf.

    On April 16, 2023, Javice returned signed Waiver Forms for the Javice Trusts. Javice inserted her personal email address and phone number in the spaces provided on the forms, which the Commission downloaded from the Court's website. On April 18, Commission counsel conferred with Javice's counsel regarding the public disclosure of that information. Javice's counsel stated that her personal email address and phone number were not public, and her counsel relayed her request that those be redacted from the public filings.[1]

---

[1]    Javice's counsel returned a signed Waiver Form for Javice, which the Commission filed. (Dkt. No. 8.)

Hon. Lewis J. Liman
April 20, 2023
Page 2

II.     The Court Should Permit the Proposed Redactions.

The Second Circuit has set forth a three-part inquiry for courts to undertake when considering whether to seal documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, courts should determine whether the documents are "judicial documents" to which a presumption of public access attaches. *Id.* at 119. Second, courts should determine the weight of that presumption, including by considering the role the information played in the exercise of judicial power and the resultant value of the information to those monitoring the federal courts. *Id.* Third, courts should consider any "countervailing factors" that weigh against the right of public access. *Id.* at 120. Established factors include "the privacy interest of the person resisting disclosure." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Applying this three-part inquiry, the Court should permit the Commission (1) to file the complete Waiver Forms for the Javice Trusts under seal and (2) to redact Javice's personal email address and phone number in the publicly filed Waiver Forms to avoid publicizing her personal contact information.

*First*, the Waiver Forms are not "judicial documents" to which a presumption of public access attaches. "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access. . . . [T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); *see also Lugosch*, 435 F.3d at 119. The Waiver Forms are procedural and not relevant to any dispute currently before the Court.

*Second*, even if the Waiver Forms were judicial documents, the weight of the public access presumption would be minimal. "[T]he presumption of access is at its weakest in documents that have only a negligible role in the performance of Article III duties." *Liberty Re (Bermuda) Ltd. v. Transamerica Occidental Life Ins. Co.*, No. 04 Civ. 5044 (NRB), 2005 WL 1216292, at *6 (S.D.N.Y. May 23, 2005) (citations and internal quotation marks omitted).

*Third*, Javice's right to privacy presents a strong countervailing factor that weighs against any right of public access. Courts have permitted parties' identifying information to be redacted since "individuals' privacy interest in such information is high, and this information does not assist the public in monitoring or understanding the judicial process." *Rojas v. Triborough Bridge & Tunnel Auth.*, No. 18-CV-1433 (PKC), 2022 WL 773309, at *3 (S.D.N.Y. Mar. 14, 2022) (allowing "redaction of confidential personal information relating to the plaintiff . . . and non-parties"); *see also Rekor Sys., Inc. v. Loughlin*, No. 19-CV-7767 (LJL), 2022 WL 3020148, at *17 (S.D.N.Y. July 29, 2022). Javice has received significant media attention regarding the court actions she faces based on the conduct the Complaint alleges.[2] Publicizing her personal contact information may result in harassment.

For these reasons, the Commission respectfully requests that the Court permit the Commission to redact the highlighted portions of the Waiver Forms filed concurrently with this letter motion and permit the unredacted versions to remain under seal.

Respectfully submitted,

/s/ Wesley Wintermyer
Wesley Wintermyer
Counsel

---

[2]     Javice is also a defendant in *JPMorgan Chase Bank, N.A. v. Javice, et al.*, 22-cv-1621 (D. Del.), and *United States v. Javice*, 23-mj-02638 (S.D.N.Y.).

Hon. Lewis J. Liman
April 20, 2023
Page 3

Enclosures

cc: Jan-Philip Kernisan, Esq. (counsel for Javice) (by email)
    Charlie Javice (trustee of the Javice Trusts) (by email)