**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (202) 538-8122 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**202-538-8122**

WRITER'S EMAIL ADDRESS
**sarahconcannon@quinnemanuel.com**

June 2, 2023

<u>VIA ECF</u>

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *Securities and Exchange Commission v. Charlie Javice et al.*,
            23-cv-02795 (LJL)

Dear Judge Liman:

    We write on behalf of our client, Charlie Javice, in opposition to the U.S. Securities and Exchange Commission's ("SEC") letter request for extension of time to respond to Ms. Javice's First Requests for Production of Documents, and in response to the SEC's stated position (of which Ms. Javice learned for the first time in the SEC's letter to the Court) that it should be permitted to continue to conduct an investigation during the pendency of any stay. *See* Dkt. No. 25. Both of the SEC's requests are antithetical to time-worn principles of judicial equity and fairness and directly prejudicial to Ms. Javice's defense of the SEC's action. Indeed, the SEC's proposal appears expressly designed to permit the SEC to continue to investigate its rashly filed claims while *hiding* exculpatory evidence critical to the defense from Ms. Javice. This Court should not countenance the SEC's gamesmanship. Indeed, if the SEC has belatedly realized that it needs to further investigate before litigating its claims, then it should voluntarily dismiss this action and return to this Court (if ever) when it is ready to proceed.

***This Court Should Deny the SEC's Request for Extension of Time***

    On May 19, 2023, the SEC and Ms. Javice's counsel met and conferred, at the SEC's request, concerning a Case Management Plan. During that call, the SEC proposed an ambitious schedule, which accepted nearly all of the default time periods set forth in this Court's template

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

Case Management Plan. The SEC also indicated that it would begin production of the investigative file on a rolling basis, on or around the date of the initially scheduled Rule 26 disclosures—June 21, 2023. Later that day, the SEC provided Ms. Javice with a draft Case Management Plan. *See* SEC's Proposed CMP (May 19, 2023), attached hereto as <u>Exhibit A</u>.

On May 23, 2023, undersigned counsel accepted the dates set forth in the SEC's Case Management Plan, memorializing the SEC's statements concerning the production of the investigative file. *See* Javice's Proposed CMP (May 23, 2023), attached hereto as <u>Exhibit B</u>. Undersigned counsel also provided the SEC with a Protective Order and Ms. Javice's First Requests for the Production of Documents, with a return date of June 22, 2023. *See* Javice's Proposed Protective Order (May 23, 2023), attached hereto as <u>Exhibit C</u>; Charlie Javice's First Requests for Production of Documents (May 23, 2023), attached hereto as <u>Exhibit D</u>. Ms. Javice's document requests were served before the Government moved to intervene and stay this action on May 24, 2023. *See* Dkt. No. 19.

Now, despite having proposed an ambitious discovery and litigation schedule, allegedly taking no position with regard to the Government's motion, and acknowledging that it has relevant and responsive documents in its possession that readily could be produced, the SEC is before this Court asking for an extension of time from June 22 to an unspecified date 21 days after this Court's order on any stay. In essence, the SEC takes the remarkable position that the *mere pendency* of the Government's motion to stay should prevent it from having to take immediate steps to prepare to produce relevant and responsive documents within its possession, custody, or control upon an order of this Court denying the stay. Time is of the essence. Ms. Javice is entitled to the timely production of documents, which the SEC already has and can be produced efficiently and at nominal cost. This Court should require the SEC to adhere to the June 22 production date, unless and until this Court stays this action.[1]

### *This Court Should Not Allow the SEC's Request to Continue to Investigate During the Pendency of Any Stay*

The SEC also writes—purportedly without request for relief—to "advise" the Court that it believes that any stay of discovery should not impede its ability to continue to investigate using the many investigative tools and subpoenas available in the SEC's arsenal. *See* Dkt. No. 25 at 2. Ms. Javice disagrees. The SEC elected to file a *litigated* enforcement action in this Court against Ms. Javice. The only tool through which the SEC should be conducting *any* discovery, whether of Ms. Javice or third-parties, is the Federal Rules of Civil Procedure. To suggest to this Court that while professing to take no position on the Government's request for a stay, the SEC nevertheless should be permitted to use its investigative powers to gather further evidence that will assuredly be relevant to Ms. Javice's defense of this action—while concealing that very evidence

---

[1] For reasons to be set forth in Ms. Javice's forthcoming opposition brief, this Court should not grant the Government's motion to stay, and should permit discovery to begin apace.

from Ms. Javice—is both highly unusual and an abuse of this Court's processes.[2] Having elected to file a litigated action now, the SEC should proceed to discovery, summary judgment, and proof of its claims at trial by a preponderance of the evidence. Anything less fails to ensure a level playing field and denies Ms. Javice the right to defend against the SEC's claims and put this matter behind her. To the extent the SEC wishes to investigate—rather than litigate—the action it elected to file, it should voluntarily dismiss this action and come back to the Court when (if ever) it has sufficient evidence to litigate its claims.

Respectfully submitted,

Sarah Heaton Concannon
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel: 202-538-8122
Fax: 202-538-8100
sarahconcannon@quinnemanuel.com

*Attorney for Defendant Charlie Javice*

cc: All counsel of record (via ECF)

---

[2] The SEC suggests that its ongoing investigation concerns uncharged third-parties, and not Ms. Javice. Dkt. No. 25. But even if that is correct, evidence gathered from third-parties through private SEC investigative processes is highly likely to be directly relevant to Ms. Javice's defense. Moreover, neither this Court nor Ms. Javice should have to take the SEC's word for the purportedly unrelated nature of the ongoing investigation without, for example, production of the SEC's subpoenas and documents and testimony produced pursuant thereto.