# EXHIBIT G

1

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

```
CHARLIE JAVICE,                         :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 : C.A. No.
                                        : 2022-1179-KSJM
JP MORGAN CHASE BANK, N.A., JPMORGAN    :
CHASE & CO., and TAPD, LLC,             :
                                        :
          Defendants.                   :
----------------------------------------x
OLIVIER AMAR,                           :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 : C.A. No.
                                        : 2023-0040-KSJM
JP MORGAN CHASE BANK, N.A., JPMORGAN    :
CHASE CO., and TAPD, LLC,               :
                                        :
          Defendants.                   :
```

- - -

Chambers
Leonard L. Williams Justice Center
500 North King Street
Wilmington, Delaware
Monday, May 8, 2023
11:00 a.m.

- - -

BEFORE:  HON. KATHALEEN ST. J. McCORMICK, Chancellor

- - -

BENCH RULING RE CROSS-MOTIONS FOR SUMMARY JUDGMENT

---

CHANCERY COURT REPORTERS
Leonard L. Williams Justice Center
500 North King Street
Wilmington, Delaware 19801
(302) 255-0521

  2

1  APPEARANCES: (via telephone)

2      MICHAEL A. BARLOW, ESQ.
        SAMUEL D. CORDLE, ESQ.
3      PETER C. CIRKA, ESQ.
        Abrams & Bayliss LLP
4          -and-
        MAAREN A. SHAH, ESQ.
5      JAN-PHILIP KERNISAN, ESQ.
        of the New York Bar
6      Quinn Emanuel Urquhart & Sullivan LLP
          for Plaintiff Charlie Javice
7
        JACOB KIRKHAM, ESQ.
8      STEVEN G. KOBRE, ESQ.
        Kobre & Kim LLP
9         for Plaintiff Olivier Amar

10     PETER J. WALSH, JR., ESQ.
        MICHAEL A. PITTENGER, ESQ.
11     HAYDEN J. DRISCOLL, ESQ.
        REECE BARKER, ESQ.
12     Potter, Anderson & Corroon LLP
          for Defendants

13

14              - - -

15

16

17

18

19

20

21

22

23

24

3

1
2                THE COURT:  Good morning.  This is
3   Kathaleen McCormick.
4                Do we have a court reporter on the
5   line?
6                THE COURT REPORTER:  Yes, it's Jeanne.
7                THE COURT:  Can you hear me okay?
8                THE COURT REPORTER:  I can.  Thank
9   you.
10               THE COURT:  Thanks, Jeanne.
11               Are there at least counsel for all
12  parties on the call as well?  I won't ask for
13  appearances.  Sounds like there are a lot of people on
14  the line.
15               UNIDENTIFIED SPEAKER:  I believe we
16  do, Your Honor.
17               UNIDENTIFIED SPEAKER:  Yes, Your
18  Honor.
19               THE COURT:  I'll just jump into my
20  bench ruling on the cross-motions for summary
21  judgment.
22               To save you the suspense, I'm denying
23  the Defendants' motions and granting the Plaintiffs'
24  motions.  I'll start with my factual findings, which

4

1  I've drawn from the materials presented in support of
2  the cross-motions for summary judgment.
3              When considering the Plaintiffs'
4  motions, factual conflicts are resolved in favor of
5  the Defendants and all reasonable inferences are drawn
6  in the Defendants' favor.  And the opposite is true
7  when considering the Defendants' motion.  The facts
8  are largely undisputed, however, and the parties'
9  primary disagreement concerns the interpretation of
10 the contractual language at issue.  And so these
11 principles largely aren't applied in my ruling today.
12             With that, I'll get to it.
13             The Plaintiffs, Charlie Javice and
14 Olivier Amar, are former officers and employees of
15 Defendant TAPD, LLC.  I will refer to that entity as
16 "Frank," which it does business as.  Frank offers a
17 software that assists college students in finding and
18 applying for financial aid.
19             Javice founded Frank in 2017 and
20 served as its CEO and a director.  Amar joined Frank
21 in 2017 and was promoted in 2018 to chief growth
22 officer.
23             Before the merger, the Plaintiffs had
24 advancement rights under Frank's bylaws, which

1  required advancement and indemnification of a director
2  or officer to the fullest extent authorized by Section
3  145 of the Delaware General Corporation Law.
4           In addition to her advancement rights
5  under Frank's bylaws, Javice had rights under an
6  indemnification agreement executed on January 19,
7  2017.  In the indemnification agreement, Frank agreed
8  to advance all of Javice's expenses in connection with
9  any proceeding implicating Javice's officer, director,
10 or employee status.  The indemnification agreement
11 prohibits modification without written waivers.
12          Again, the defendants are Frank,
13 JPMorgan Chase, and JPMorgan Bank.  In 2021, Defendant
14 JPMorgan Chase & Co., which I will refer to as
15 "JPMorgan Chase," began negotiating a potential merger
16 with Frank.  During negotiations, Javice represented
17 that Frank had over 4 million users.  Upon JPMorgan
18 Chase's request, Javice provided a spreadsheet with
19 the alleged 4 million users' names.
20          JPMorgan Chase ultimately acquired
21 Frank through its wholly owned subsidiary, Defendant
22 JPMorgan Chase Bank, N.A., which I will refer to as
23 "JPMorgan Bank," for $175 million.
24          Prior to closing, Plaintiffs executed

1  waiver under these circumstances would be particularly
2  problematic for Amar.  Based on the limited evidence
3  before me, Amar had no access to the Merger Agreement
4  before executing his resignation letter.  Even during
5  this litigation, the document was repeatedly withheld
6  from him on confidentiality grounds.  It seems deeply
7  problematic to find that Amar could have knowingly and
8  voluntarily waived his vested right to advancement
9  based on a provision in a document he never read and
10 was denied access to.
11             So, to recap, Plaintiffs have rights
12 to advancement before the merger under Frank's bylaws.
13 Neither Javice nor Amar is a party to the merger
14 agreement in their individual capacity.  They are
15 third-party beneficiaries.  And Plaintiffs' respective
16 resignation letters did not clearly and unequivocally
17 waive their right to advancement from Frank's bylaws.
18             As a result, taken all together,
19 Javice and Amar's right to advancement from Frank for
20 pre-merger conduct survived the merger and is
21 unaffected by Section 6.2(i).  Summary judgment in
22 their favor is appropriate.
23             I want to pause for a moment to
24 discuss Defendants' arguments as to the intended