

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

June 8, 2023

**By ECF**

Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *SEC v. Charlie Javice et al.*, 23 Civ. 2795 (LJL)

Dear Judge Liman:

    Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this letter in response to defendant Charlie Javice's (i) June 2, 2023 letter opposing the Commission's request to extend the deadline to respond to Javice's document requests (Dkt. 26) and (ii) June 7, 2023 submission (Dkt. 29) opposing the motion by the United States Attorney's Office ("USAO") to stay discovery in this matter (the "Stay Motion"). While the Commission takes no position on the Stay Motion, the Commission writes to correct certain of Javice's statements regarding the Commission's continuing investigation of non-parties and communications with defense counsel.

    First, contrary to Javice's assertions, the Commission will not issue investigative subpoenas for the purpose of gathering evidence in this litigation, and to the extent the Commission obtains documents in its investigation of uncharged parties that are relevant to this litigation, it will produce such documents to Javice as required during civil discovery. Furthermore, to the extent that any such documents are shared with the USAO pursuant to its access request, the Commission will not seek to prevent their disclosure in the parallel criminal case.

    Second, Javice's assertion that the Commission is "hiding exculpatory evidence critical to [her] defense" and engaged in "gamesmanship" (Dkt. 26) by seeking to defer responses to the defendant's May 23, 2023 document requests until 21 days following the Court's ruling on the Stay Motion is meritless. By way of background, Javice submitted her May 23 document requests to the Commission with knowledge that the USAO was preparing to file the Stay Motion. She then requested an extension of time to answer the Complaint (which would have otherwise been due within days) until two weeks following a ruling on the Stay Motion, notwithstanding that a stay of discovery would not necessarily extend the deadline for her answer. After obtaining the Commission's consent to such an extension, Javice refused to agree to the same deadline for the Commission to respond to her document requests, notwithstanding that the timing of such responses could be impacted by the entry of any discovery stay and that the Court had already adjourned the Initial Pretrial Conference *sine die*.

Hon. Lewis J. Liman
June 8, 2023
Page 2

      Javice states that the Commission rejected her "reasonable compromise" (Dkt. 29 at 7) to promptly produce third-party documents but omits that she expressly conditioned such "compromise" on the "immediate" production of documents "regardless of whether the Court grants the USAO's motion to stay."  The Commission did not believe it would be appropriate to respond to civil discovery requests during the pendency of the Stay Motion.[1]  In any event, the Commission has undertaken to produce to the USAO, pursuant to its access request, all documents in the Commission's possession provided by third parties during the Commission's investigation as to Javice, with the understanding that the USAO may produce these documents to Javice to the extent required in the parallel criminal case.  Accordingly, Javice's assertion that the Commission is "colluding to deprive Ms. Javice of access" to documents produced by third parties is baseless.[2]

      Respectfully submitted,

      /s/ Daniel Loss

      Daniel Loss
      Senior Trial Counsel

cc:    All counsel of record (by ECF)

---

[1] Indeed, just one day before demanding the "immediate" production of documents, defense counsel conceded that it would be inappropriate for the Commission to produce documents while the Stay Motion was pending.  In the same conversation, defense counsel explained, in substance, that Javice's interest in obtaining documents from the Commission related to her need to defend herself in a private action pending in Delaware as well as the parallel criminal case.  Defense counsel later claimed that the undersigned "misapprehended" this discussion.

[2] Javice also incorrectly states that the Commission's June 2, 2023 letter (Dkt. 25) made arguments regarding the reasons for her objection to the stay.  (Dkt. 29 at 15 n. 3).  Rather, the Commission's June 2, 2023 letter stated Javice's position with respect to the Commission's request to defer responses to the defendant's document requests until 21 days after a ruling on the Stay Motion.