N6FBJAVO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

            v.                          23 Civ. 2795 (LJL)

JAVICE, et al,

                    Defendants.
                                        Oral Argument
------------------------------x
                                        New York, N.Y.
                                        June 15, 2023
                                        2:00 p.m.

Before:

                    HON. LEWIS J. LIMAN,

                                        District Judge

                            APPEARANCES

U.S. SECURITIES AND EXCHANGE COMMISSION
        Attorneys for Plaintiff SEC
BY:  DANIEL LOSS
     LINDSAY S. MOILANEN


UNITED STATES ATTORNEY'S OFFICE, SDNY
        Attorneys for Intervenor United States
BY:  MICAH F. FERGENSON
     DINA McLEOD


QUINN EMANUEL URQUHART & SULLIVAN, LLP
        Attorneys for Defendants
BY:  SARAH H. CONCANNON
     MATTHEW LANGLEY

N6FBJAVO

1            (Case called; appearances noted)

2            THE COURT:  All right.  So we're here today for

3    argument on the motion to intervene and to stay discovery.

4    I'll hear first from the government as the movant party.  If

5    the SEC wants to add anything, I'll hear from the SEC after

6    that, then I'll hear from the defendant, and then I'll give the

7    government, as the moving party, the last word.  I don't think

8    you need to spend much time on the motion to intervene itself.

9    You may proceed.

10            MR. FERGENSON:  Understood, your Honor.  And I'll go

11    directly to the motion to stay.  Your Honor, this is not a

12    close call.  All of the factors that courts consider when

13    assessing a motion to stay discovery in this context, favor

14    granting the stay.  And just to -- I know the Court has

15    carefully read the papers as it does, so I'll be brief.  But

16    first, the overlap.  It's undisputed that the two cases involve

17    essentially the same facts and issues.  The status of the

18    criminal case, Ms. Javice has been indicted.  She's received

19    Rule 16 discovery.  And until the defendant objected, there was

20    an October trial date.

21            THE COURT:  Can you tell me, I take it through the

22    access request, you've gotten access to the SEC investigative

23    file; is that correct?

24            MR. FERGENSON:  We have received the materials that

25    the SEC has received from third parties, as opposed to perhaps

N6FBJAVO

1    the entirety of the investigative file, but we received their

2    third-party records, your Honor.  They're currently, just to

3    give you the full status, they're currently being loaded to our

4    review platform so that we can take a look at them and then

5    provide the Rule 16 in the criminal case.  Our understanding is

6    that they are largely, if not entirely, duplicative of what has

7    already been produced, but we will produce it out of an

8    abundance of caution as well.

9         THE COURT:  Do I hear you making the representation

10   that with respect to documents from third parties collected by

11   the SEC during its investigation that all of those will be

12   turned over to Ms. Javice?

13        MR. FERGENSON:  Yes, your Honor.

14        THE COURT:  Okay.  What does that leave from the

15   investigative file, or maybe it's a question for counsel for

16   Ms. Javice.  I assume it would leave work product.  It may

17   leave investigative testimony they took, but what's not in

18   there?

19        MR. FERGENSON:  I would, if I may, your Honor, I would

20   probably respectfully defer to SEC counsel on that point.

21        THE COURT:  They'll address that after you're done.

22        MR. FERGENSON:  Thank you, your Honor.  So that's the

23   status of the criminal case.  Turning to personal prejudice to

24   the parties involved.  For the same reason that I just

25   mentioned that there was a trial date four months away until

N6FBJAVO

1  Ms. Javice requested that there not be, there's no prejudice

2  here.  She can't make any credible claim for prejudice here

3  based on delay.  And again because Rule 16 has been produced,

4  third-party materials from the SEC will be produced.  There's

5  no prejudice here from pausing discovery in this case.

6          Turning to the interest of the court, clearly favors a

7  stay for the efficiency of judicial administration.  Simply

8  conserving judicial resources and avoiding things like

9  inconsistent rulings.  And finally, the public interest.  A

10  stay in this case helps ensure the integrity and truth-seeking

11  function of the criminal process.  As we laid out in our reply

12  brief, the defendant is transparently seeking to use civil

13  discovery here and in the Delaware case against involving JPMC,

14  the private action, for use in her criminal case.  And that's

15  antithetical to the criminal discovery rules carefully

16  considered to reflect the asymmetry posed by the Fifth

17  Amendment privilege in a criminal context, which are meant to

18  avoid undue burdening of witnesses and third parties, as well

19  as tailored or perjured testimony in a criminal case.

20          So for all those reasons, each of the factors favors a

21  stay.  And I think we would just respectfully submit again it's

22  not a close case.  I would want to address one other point if I

23  may, your Honor, briefly.

24          THE COURT:  Go ahead, and then I've got a couple of

25  questions.

N6FBJAVO

1          MR. FERGENSON:  The defense made a lot of baseless

2     accusations of essentially bad faith, even accusing the

3     government of bad faith with respect to discovery in attempting

4     to withhold its discovery.  We responded to those points in our

5     reply brief, but we want to make perfectly clear to the Court

6     that there's absolutely no truth to any of those accusations.

7     The government had already produced discovery as I noted before

8     that opposition was filed and those accusations were made.  As

9     we laid out in the reply, those claims are simply contradicted

10    by the record.  Thank you, your Honor.

11          THE COURT:  Maybe you can help me on a couple of

12    things.  I take it you would agree the case law indicates that

13    a stay of discovery is generally disfavored in the law,

14    correct?

15          MR. FERGENSON:  I think there is often included in

16    cases, albeit cases where they are granting a stay of discovery

17    recognizing staying a civil case is generally disfavored.

18    However, in the cases I'm thinking of -- and in many cases that

19    we cited, courts weigh that against the potential harm to the

20    criminal process, the efficiencies gained by staying discovery

21    in the civil case.  And in context like this, simply the lack

22    of any prejudice to staying the case and balancing all those

23    factors find that staying discovery is warranted.

24          THE COURT:  I understand that, but this is a little

25    bit of an unusual case in that it appears that the SEC brought

N6FBJAVO

1   its complaint well within the time period that it could bring a

2   SEC complaint.  I presume -- and maybe this will be a question

3   for the SEC -- that if I were to deny your motion, the SEC

4   might well decide to dismiss its complaint without prejudice,

5   which it would be within its rights to do.  There's been no

6   answer in this case, and you still have plenty of time on the

7   clock.  So what do you say about the fact that the cases were

8   brought at the same time and by the SEC sort of knowing full

9   well what was going to happen.

10          I mean, it doesn't take a Ph.D. to know that when

11  parallel proceedings are brought, the government is going to

12  move to stay.  And that under these unusual circumstances, I

13  should deny your application for a stay and put the question to

14  them, are you going to proceed or not?

15          MR. FERGENSON:  I think on certain aspects of that I

16  would defer to the SEC's view; however, I would offer as an

17  observation reading these many opinions brought in identical

18  circumstances when parallel proceedings are brought and the SEC

19  actions are stayed for discovery.  As the courts recognize --

20  and I could let the SEC speak to this -- that the SEC has an

21  interest in enforcing its statutory dictates.  And the

22  enforcement by the SEC also has interest and should -- they're

23  well within their rights indeed doing what they're supposed to

24  do by bringing actions promptly.  Now, weighing the factors

25  that the Court is suppose to weigh --

N6FBJAVO

1          THE COURT:  Bringing it promptly, but knowing full

2     well -- being able to anticipate full well the motion that you

3     now are making.

4          MR. FERGENSON:  Well, your Honor, I guess where you

5     stand on these is a function of where you sit.  And from the

6     United States's point of view, we believe discovery should be

7     stayed.  I understand the SEC's position is they take no

8     position on it, but this is not an uncommon posture that we

9     find ourselves in.  And courts in this district routinely,

10    nonetheless, stay the SEC proceedings.  And I'm not aware that

11    courts consider, for instance, the running of the statute when

12    doing so and the timeliness of the SEC's case.  I think the

13    application of the well-established factors here clearly favor

14    a stay, and we would submit that the Court should stay

15    discovery in this matter.

16         THE COURT:  Let me ask you two more questions.  I

17    accept your notion that permitting this case to go forward

18    through discovery would threaten the integrity of Rule 16 and

19    criminal discovery and the limitations on criminal discovery.

20    That said, that concern seems somewhat abstract, and maybe you

21    can be a little bit more concrete for me in a case where it's a

22    white collar defendant who doesn't seem to present a particular

23    risk of threatening witnesses or what the real concern is in

24    terms of letting discovery go forward.

25         MR. FERGENSON:  I think there's a few points to make,

N6FBJAVO

1    your Honor.  I take your Honor's point that this isn't a mafia

2    case where witnesses are going to be threatened for their life,

3    but there is still a concern in a criminal case like this one

4    about the tampering with the integrity of the criminal process.

5    And one is that the structures of the criminal discovery

6    process are designed to try and eliminate, if not the

7    intimidation of witnesses that your Honor sort of referenced,

8    still the tailoring of testimony.

9            And I would submit that these kinds of concerns are

10   present in this case where, as the government has alleged, the

11   defendant fabricated documents.  She fabricated a dataset.  It

12   was a brazen scheme, your Honor, with bald-face lies repeated

13   over and over, orally, in print, in presentations, and then

14   through fabricated documents.  That poses a concern.  I think

15   the second point I'd make, your Honor, is that in the Delaware

16   proceeding, JPMC sued Ms. Javice and another individual.  The

17   other individual filed a motion to dismiss.  Ms. Javice did not

18   do so.  She filed, not only an answer, but a counterclaim

19   against the victim of her fraud.  She has countersued the

20   victim.  And that countersuit relies on allegations that are

21   demonstrably false.  And I think in this context pairing that

22   with the procedural history that we've outlined in our reply

23   brief raises serious concerns about the efforts being taken

24   through the civil process to try and effect the criminal case.

25           And so I take your Honor's point, it's not a violent

N6FBJAVO

crime case or one where people are going to be threatened with
their lives, but there are still real concerns about improperly
effecting and tampering with the criminal process in this case.

THE COURT:  What is the status of the Delaware case?

MR. FERGENSON:  The status is that the motion to
dismiss by the other individual is pending.  There are sort of
multiple motions related to the potential opening of discovery
pending, and the government intends to file a motion to stay
discovery in that proceeding as well.  It has not done so yet,
but that's the current status.  The motions are essentially
pending.  Discovery has not proceeded.

THE COURT:  In this case the defendant has argued as
an alternative the document discovery should be permitted to
proceed.  And while they talk about documents from the SEC, I'm
also presuming that they're talking about subpoenas, Rule 45
subpoenas to third parties.  They don't say it, but that's
pretty transparent what would happen.  But what would be the
danger of that from the perspective of the criminal case?  I
realize that Rule 17 subpoenas ordinarily are only returnable
at the time of trial, but judges frequently allow defendants to
serve Rule 17 subpoenas earlier than that.  And so why
shouldn't I grant that limited relief?

MR. FERGENSON:  I think there are a couple of reasons,
your Honor.  One is just consideration of the waste of
resources, both judicial, and the burdening of third parties

N6FBJAVO

1    and witnesses if they are being subpoenaed and compelled in

2    multiple proceedings at the same time over essentially the same

3    facts, same issues.

4            The second is that, relatedly, they're going to be

5    getting the third-party materials that the SEC has collected.

6    They already have our Rule 16 discovery presently produced, and

7    Rule 17 and criminal discovery is typically narrower than sort

8    of the broad civil discovery rules -- and I think intentionally

9    so for many of the factors I've outlined, or the consideration

10   and principles I've outlined previously in ensuring sort of

11   truth-seeking function of the criminal process; when the stakes

12   are highest and people's incentives are probably also at their

13   highest to not necessarily play by the rules.

14           I think all those reasons would counter in favor in

15   also staying document discovery.  One, it's essentially moot

16   because again they're getting the documents.  Two, it's a waste

17   of the court's resources and a burden on these third parties;

18   and three, it just wouldn't align with the purposes of the

19   criminal process and its truth-seeking function.

20           THE COURT:  It's that third point that I'm focused on,

21   and I'm not sure you've gotten me across the line on it.  The

22   first two seem to me to be not particularly powerful.  If it's

23   a waste of time and they already have the documents, then

24   there's not going to be all that much work for me to do.  And

25   if there's work for me to do, then maybe it's a good thing.  It

N6FBJAVO

1    means that once this case gets started, then it can get started

2    pretty quickly.  So your argument has to be driven by the third

3    point, give me a little bit more on the third point if you've

4    got more.

5             MR. FERGENSON:  Well, I was going to say, I thought

6    two out of three was not bad.  I guess I can at least point you

7    to the fact that courts have found that point compelling in

8    other cases.  For instance, at our brief at pages 11 to 12, we

9    cited the *Pharaon* case in which they basically say that a

10   litigant should not be allowed to make use of the liberal

11   discovery procedures applicable to a civil suit as a dodge to

12   avoid the restrictions on criminal discovery and thereby obtain

13   documents he would not otherwise be entitled to for use in his

14   criminal trial.

15            Maybe the points I touched on today and we describe in

16   our brief about the criminal discovery process is more

17   circumscribed, and intentionally so and for good reasons.  I

18   think those are the reasons the courts have found compelling in

19   staying even document discovery in these context.

20            THE COURT:  All right.  Let me hear from the SEC.

21            MR. LOSS:  Yes, your Honor.  The SEC takes no position

22   as the Court is aware on the government's request.  I can try

23   to address a couple of the questions that I think the Court

24   raised during the government's presentation.  With respect to

25   the scope of the SEC's investigative file, in this matter the

N6FBJAVO

 1  documents produced by third parties which totaled approximately

 2  107,000 documents and have all been provided to the government

 3  we understand, and we understand in turn will be provided to

 4  defense in the parallel criminal case.  That universe

 5  represents the lining share, the overwhelming majority of what

 6  is included in the SEC's investigative file in this particular

 7  matter.

 8          THE COURT:  What's the other category?

 9          MR. LOSS:  The other categories would include, for

10  example, emails between members of the SEC staff and third

11  parties, such as counsel for various witnesses.  Many of these

12  often tend to be logistical in nature, but it does include

13  external emails.  It would include investigative subpoenas, the

14  actual subpoena, not the subpoena return.  It would include

15  agreements, such as proffer agreements with witnesses.  And

16  those I believe would be sort of the principal categories of

17  additional materials in this case.  There are also as your

18  Honor mention work product.  There may be categories of

19  internal communications, internal documents analyses that are

20  subject to work product or other applicable privileges and

21  protections, which typically would not be produced as part of

22  an investigative file in a civil case of which privilege may be

23  asserted.

24          THE COURT:  Was there investigative testimony?

25          MR. LOSS:  There was no investigative testimony in

N6FBJAVO

1    this matter.

2              THE COURT:  Okay.  There was some other questions I

3    asked.

4              MR. LOSS:  Yes, I think your Honor asked whether in

5    the event that the government's motion is not granted whether

6    the SEC would intend to dismiss its complaint without

7    prejudice.

8              THE COURT:  Put another way, what was the exigency of

9    bringing this case when it was brought, presumably in the face

10   of knowing that the government was also doing an investigation

11   was likely to bring charges, did bring charges.

12             MR. LOSS:  To address I think both of the issues

13   embedded in your Honor's questions.  First, just to be clear,

14   the SEC does not -- would not presently intend to dismiss its

15   complaint in the event that the government's motion were to be

16   denied and it is prepared to proceed with the litigation in the

17   civil matter in the event that the government's motion is

18   denied.  With respect to the SEC bringing its complaint when it

19   did.  As the government alluded to in its presentation to the

20   Court, the SEC has independent interests, an independent

21   mission.  It's a separate agency, as the Court is of course

22   aware.  It's not part of the department of justice.  We have a

23   separate interest to protect investigators and to seek the

24   relief that we seek in the complaint.  And there are a variety

25   of facts and circumstances that always go into determining when

N6FBJAVO

1    to bring an action.

2            In this case, the SEC felt that it was ready to

3    proceed when it did.  I would add as an illustrative example of

4    the relief being sought in the SEC action that cannot be

5    sought -- and is not being sort in the criminal case.  There's

6    an officer and director bar as one example of that.  So for

7    those reasons, the SEC felt it was important to move forward

8    when we did.

9            THE COURT:  One other question for you.  If when this

10   case proceeds, is the SEC going to have any objection to the

11   defendant's use in this case of documents that the defendant

12   has obtained in the criminal case?

13           MR. LOSS:  Your Honor, my understanding is there may

14   be a protective order that governs documents that are produced

15   in the parallel criminal case, and so I think it would depend

16   on --

17           THE COURT:  Fair enough.  On the assumption that your

18   colleague -- or not your colleague, but the prosecutor next to

19   you doesn't object to Ms. Javice using, in this case, documents

20   that she has received from the government in their case, is the

21   SEC going to present an independent obstacle to that?

22           MR. LOSS:  Your Honor, I don't anticipate that.  In

23   order to provide fuller assurance, I would need to get

24   additional approvals than what I have right now, but I don't

25   presently anticipate that that would be the case, provided that

N6FBJAVO

1    whatever materials that have been provided to the defendant in

2    the criminal case that would be potential use in the civil case

3    provided that the discovery obligations are complied with in

4    the civil case, I don't anticipate --

5            THE COURT:  You could serve a document demand for

6    everything that she got in the criminal case.

7            MR. LOSS:  That's right, your Honor, and that's why I

8    don't anticipate there will be any objection.

9            THE COURT:  I ask because as you know one of the

10   arguments that the defendants make is that they would have to

11   start all over again in the SEC case, in this case, if I were

12   to grant a stay.  I'm not sure that that's the case.  All

13   right.  Let me hear from the defense.

14           MS. CONCANNON:  Good afternoon, your Honor.  So this

15   case boils down to the question whether this Court should

16   exercise its discretion in the face of vehement opposition by

17   Charlie Javice to impose a stay.  And we respectfully submit

18   that four out of six of the *Louis Vuitton* factors clearly weigh

19   against a stay under the unique circumstances of this case.

20   But before I address those, I want to get to the elephant in

21   the room, which is this question of Rule 16 discovery.  And I

22   would direct the Court to the SEC's letter, which is docket 25,

23   in which SEC informed the Court of its intention, despite

24   expressing neutrality with regard to the stay, to continue to

25   use its investigative authority to conduct an investigation

N6FBJAVO

1    during the pendency of a stay.

2         What that means is that the SEC continues to use

3    investigative subpoenas, to take investigative testimony, to

4    conduct witness interviews, all under the specter of Section

5    1001.

6         THE COURT:  Why is that a ripe issue for me to

7    consider right now?  They can do whatever they want

8    administratively.  They're investigating other people.  If it

9    comes to the use in this case, then whatever arguments you've

10   got now, you can make later on.  I don't quite understand your

11   argument.

12        MS. CONCANNON:  Your Honor, it is a question of

13   timing, and it's also a question of having chosen to avail

14   itself of the court by filing its litigation now, the SEC has

15   taken the position that further discovery should be pursuant to

16   the Federal Rules of Civil Procedure.  But now they're saying

17   they wish to conduct a further investigation.  They assert,

18   your Honor, that this is of unrelated individuals, but it is in

19   this same file.  It assuredly is going to contain information

20   that is directly related to Ms. Javice's defense of the SEC's

21   case.

22        THE COURT:  Again, you know, if this case goes forward

23   for discovery, wouldn't you agree with me that it would be an

24   improper use of civil discovery for them to use it for

25   investigative purposes rather than for evidence that's relevant

N6FBJAVO

1    to the prosecution against Ms. Javice.  And if you agree with

2    that, that presupposes that the SEC has the power, which it

3    always has, to use its investigative techniques.

4        MS. CONCANNON:  What is unusual about this case, your

5    Honor, is the fact that the SEC is saying it wants to use its

6    investigative techniques after the filing of a litigated case,

7    but during the pendency of a stay. What they have represented

8    to this Court is that they're intention is that they would

9    produce none of those documents to Ms. Javice until the end of

10   the pendency of any stay after the conclusion of the criminal

11   case.

12       THE COURT:  Maybe I'll ask the SEC this question.  I

13   had understood that they were going to make all of the

14   materials that they obtained through their continued

15   investigation available to the prosecutor through their access

16   request.  And then to the extent it's relevant to the criminal

17   case, you would get it.  But let me ask both parties that

18   question, because I understand your point.

19       MR. LOSS:  Yes, your Honor.  So, first, as your Honor

20   rightfully observed, the continuing investigation the SEC

21   intends to conduct is with respect to uncharged parties.  To

22   the extent that the SEC obtains documents in connection with

23   its investigation of uncharged parties that are relevant to

24   this litigation, we'll produce them directly to the defendant

25   at the appropriate time.

N6FBJAVO

1      THE COURT:  No.  No.  No.  You're not answering my

2  question about when you're going to make available to the U.S.

3  government through an access request.

4      MR. LOSS:  Yes, your Honor.  I apologize.  I should

5  have led with that.  To the extent that the U.S. Attorney's

6  office makes a request for us to produce those documents

7  pursuant to our access request, we will of course do so with

8  the understanding that they may in turn be produced in criminal

9  discovery.

10      MR. FERGENSON:  We intend to do so, your Honor.

11      MS. CONCANNON:  So, your Honor, obviously to the

12  extent documents are provided in a timely fashion by the SEC to

13  the government and then produced by the government in the

14  criminal case to Ms. Javice, that would be better, frankly,

15  less prejudicial to my client.  But I have not heard anything

16  other than that the SEC intends in the normal course of time to

17  conduct an investigation.  As you're well-aware, the criminal

18  case will be moving on an expedited timeline.  And if the SEC

19  is representing that essentially document discovery will be

20  made to Ms. Javice, then I agree with the Court that the

21  appropriate solution here is the compromise that we proposed,

22  which is document discovery goes forward, cut out the middle

23  man.  Have the SEC produce to Ms. Javice their investigative

24  file now.  And as they continue to create an investigative file

25  that contains relevant responsive information to Ms. Javice's

N6FBJAVO

1    defense of the SEC case, they can timely turn it over to us so

2    that after the pendency of a stay, we're not prejudiced by

3    being behind the nine months to ten months to 12 months behind

4    in developing our defense to the SEC's case.

5         THE COURT:  What is it that you're not getting through

6    the prosecutor in this case from the investigative file that

7    you contend that you would have a right to, either in this case

8    or to defend the criminal case?

9         MS. CONCANNON:  So, your Honor, for example, in the

10   Rule 16 discovery that we recently received from the

11   government, we appear to not have any subpoenas to J.P. Morgan

12   Chase.  We appear to not have any text between LionTree which

13   was an advisor in connection with this matter.  We have no text

14   from JPMC.  Our understanding of what happened here, your

15   Honor, is that JPMC after filing its civil litigation against

16   Ms. Javice back in December of 2022, made certain documents

17   available to the government, the SEC, and the criminal

18   authorities that comprise the majority of the investigative

19   files on which both the government and the SEC brought their

20   litigated actions against Ms. Javice.

21        Now the SEC is saying, it wants to go out and develop

22   further evidence.  And so that is the evidence that should be

23   timely produced to Ms. Javice, again in connection with this

24   action.  And among other things, Mr. Loss mentioned to the

25   Court that they would intend to withhold their subpoenas.  What

N6FBJAVO

1    they request in their subpoenas to third parties are directly

2    relevant to our determination of whether they have a full and

3    complete record of these third party documents to which

4    Ms. Javice no longer has access in connection with her defense;

5    or whether in fact the third parties have selectively provided

6    the government with incomplete records.  And that's something

7    that we should be permitted to test sooner rather than later

8    through the fullness of civil discovery, the SEC having chosen

9    to file a litigated action now.

10            THE COURT:  Isn't that a matter that's better taken up

11    with Judge Hellerstein.  I understand the point that you don't

12    know through your Rule 16 discovery what it is that is missing.

13    You're getting a huge number of documents, but why isn't that

14    something that Judge Hellerstein is better able to address?

15            MS. CONCANNON:  And we intend to, your Honor.  But

16    because the issue is before this Court with regard to the

17    appropriateness of civil discovery in the defense of the SEC

18    action, what both the government and the SEC have described is

19    essentially a funnel process.  So the government will receive

20    from the SEC when it request it and what it request.  It will

21    then upload, as Mr. Fergenson said at the beginning of his

22    arguments, those documents into the government's review

23    database.  It will then determine what it feels it is obligated

24    to produce to Ms. Javice under Rule 16, and that will then be

25    produced to us.

N6FBJAVO

1          For example, we still don't have the documents that

2     the SEC has already provided to the government, so we have the

3     government's Rule 16 production, but we do not have the SEC

4     file.

5          THE COURT:  Actually, how do you know that?  You got a

6     whole bunch of documents from the government.  It may not

7     indicate the provenance whether they came to the U.S.

8     Attorney's office through the SEC or directly to the

9     prosecutor.

10         MS. CONCANNON:  So the government stated in its reply

11    brief to this Court and Mr. Fergenson said it earlier today in

12    the argument that they have received the SEC's file.  They have

13    uploaded it into their review database.  They intend at the

14    appropriate time to produce that to Ms. Javice.  We don't have

15    it.  And under the exigencies of moving this case forward and

16    allowing Ms. Javice to fully reach resolution in each of the

17    areas in which she has been prejudiced and her reputation has

18    been dragged through the mud, we would like to ensure that the

19    SEC case is moving forward in a timely fashion.

20         And as the Court said, if the SEC would like to

21    continue to investigate during the pendency of a stay, the

22    appropriate thing for the SEC to do, because there is no

23    statute of limitations in this issue or in this case at all, is

24    to voluntarily dismiss its action without prejudice.

25    Ms. Javice would be more than willing to sign a tolling

N6FBJAVO

agreement.  And then in the fullness of time after they've

completed their investigation, they can come back before the

Court and engage in a full and robust civil discovery process

under the Federal Rules of Civil Procedure.  But unless and

until the SEC is ready to do that, what I'm hearing the

government and the SEC represent to this Court is that they

will decide when and how much of the SEC's file Ms. Javice is

entitled to, and that is deeply prejudicial.

THE COURT:  Anything else?

MS. CONCANNON:  Your Honor, you mentioned with regard

to the compromise solution.  We respectfully submit that full

discovery should go forward.  The SEC should litigate its

claims now.  As you mentioned, third-party discovery is

incredibly important to the defense in the SEC action.  But in

the alternative, we would submit that there should be document

production at a minimum.

THE COURT:  Document production from the SEC.

MS. CONCANNON:  Correct.  And as you said under Rule

45 as well because, since Ms. Javice was terminated, the bulk

of the documents relevant to her defense do rest in the hands

of third parties.  And because we have this concern that third

parties potentially are providing cherry-picked self-serving

documents to the government, we should be able to pursue

third-party discovery in order to ensure that we in fact are

getting full responses.

N6FBJAVO

1          THE COURT:  Aren't you able to get all of that

2     information through Rule 17 subpoenas in the criminal case?

3     And if you can't get it through Rule 17 in the criminal case

4     because Judge Hellerstein doesn't sign off on the subpoenas for

5     early production, then wouldn't discovery in this case be a way

6     of you just advantaging yourself in the criminal case in a way

7     that the rules don't contemplate, essentially circumventing

8     Judge Hellerstein's decision not to sign a Rule 17 subpoena?

9          MS. CONCANNON:  Respectfully, your Honor, no, that is

10     not our intention.  Our intention is just to avail Ms. Javice

11     of the best defense possible in the SEC case, which does

12     include that third-party discovery in a timely fashion.

13          THE COURT:  You may say that's not your intention, but

14     it would be the effect, wouldn't it?  That essentially if I let

15     document discovery go forward in this case, it would relieve

16     you of the obligation of having to satisfy Judge Hellerstein?

17          MS. CONCANNON:  Well, your Honor, first I think in

18     order for us to avail ourselves of any documents in this

19     action, in the criminal action, we would need to go before

20     Judge Hellerstein and inform him of that intent, so I believe

21     the Court still controls that.  But as many, many courts have

22     said, the mere incidental fact that civil discovery has some

23     relevance to the criminal case is not a factor that's

24     dispositive in whether or not the civil litigant should be

25     permitted to move forward with the timely adjudication or

N6FBJAVO

1      timely litigation and then adjudication of the claims.

2              Again, Ms. Javice is eager to obtain resolution of all

3      of the matters in which she finds herself, the D. Delaware

4      action, the criminal action and the SEC action.  And here where

5      the SEC has chosen to file its case, we do believe that the SEC

6      has an obligation to either move forward under the rules of

7      Federal Rule of Civil Procedure, or in the alternative

8      voluntarily dismiss its action and come back before the Court

9      when it is ready to litigate.

10             THE COURT:  All right.  Anything further from the

11     government?

12             MR. FERGENSON:  No, your Honor.

13             THE COURT:  I've got one further question for you

14     which is the concern that was mentioned by the defense, and

15     it's a concern it's pretty obvious that without the subpoenas

16     and without knowing what restrictions the third parties put on

17     what was going to be produced, the defense, either in this case

18     or in the criminal case has no idea as to what was missing from

19     the production?

20             There might be a smoking gun.  There might be an email

21     where Ms. Javice said to J.P. Morgan, these customers are not

22     yet real customers where we have information, identifying

23     information.  And the SEC said to them, you know what, hold

24     back on that document.

25             MR. FERGENSON:  I think I can maybe make a few points,

N6FBJAVO

1  your Honor.  This is the first we've heard of this particular

2  concern and any kind of request from the defense for the

3  substance of our request to third parties so that they can

4  assess if there are missing materials.  It's certainly

5  something we would have been happy to discuss with them and

6  probably come to a resolution without court intervention.

7          I think as the Court is probably aware, it is

8  customary practice that in producing Rule 16 discovery, we

9  don't produce our actual grand jury subpoenas.  We produce the

10  documents received.  That said as I noted, I'm sure we could

11  come to some kind of accommodation with the defense on this

12  topic.

13          THE COURT:  One reason why you don't produce grand

14  jury subpoenas is because of grand jury secrecy.  It's not

15  quite applicable to SEC administrative subpoenas.

16          MR. FERGENSON:  No, that's fair, your Honor.  I'm

17  speaking from the perspective of the criminal case primarily.

18  I had heard defense counsel say that in the Rule 16 discovery

19  there were no subpoenas and that is customary.  But to the

20  extent this is an issue that is important to the defense, we're

21  happy to have discussions with them about it and hopefully come

22  to some kind of resolution.

23          THE COURT:  All right. I'm going to take the matter

24  under advisement.  I'll get you an opinion pretty quickly.

25  Thank you all.  (Adjourned)